ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| FREDDIE ARIEL RAMOS ALVELO y ROSELYN VEGLIO MELÉNDEZ<br><br>Apelados<br><br>v.<br><br>SARA MARRERO REYES<br><br>Apelante | KLAN202301147 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: VB2023CV00502<br><br>Sobre: Desahucio |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 18 de enero de 2024.

Este *Recurso de Apelación* fue presentado ante el Tribunal de Primera Instancia (TPI) por Sara Marrero Reyes (la parte apelante). La Sentencia se dictó el 15 de diciembre de 2023 y se notificó a las partes el 18 de diciembre de 2023. Esta Apelación se presenta el 26 de diciembre de 2023 pero fue notificada a las partes el 27 de diciembre de 2023. Por la parte apelada se presentó Solicitud de Desestimación el 2 de enero de 2023 y mediante la presente la atendemos.

### I.

Este caso surge como una demanda de desahucio en precario presentada por los apelados, Freddie Ariel Ramos Alvelo y su esposa Rosalyn Veglio Meléndez contra la apelante. Dicha demanda fue presentada el 22 de junio de 2023.

Luego de trámites procesales se expide Emplazamiento y citación para vista inicial a celebrarse el 15 de agosto de 2023. El

Número Identificador

SEN2024 _____

14 de agosto de 2023 la apelante presentó su contestación a la demanda, luego de una moción anterior que reconocía la jurisdicción del TPI sobre su persona.

La vista Inicial se celebró el 15 de agosto, según pautada y se señaló vista para el 7 de noviembre de 2023. Luego de otros incidentes procesales, el juicio en su fondo se celebró el 15 de diciembre de 2023 y ese mismo día el TPI dictó la sentencia, la que se notificó a las partes el 18 de diciembre de 2023.

Contra dicha Sentencia se presenta esta Apelación el 26 de diciembre de 2023 pero fue notificada a las partes el 27 de diciembre de 2023. Una vez presentada la apelación, la parte apelada presentó Solicitud de Desestimación el 2 de enero de 2023.

Este Tribunal le ordenó a la parte apelante Mostrar Causa en el término de veinte (20) días, de si existen razones válidas en derecho para no desestimar el recurso de apelación por el reclamo de la Moción de Desestimación.

La Parte Apelante ha comparecido y evaluando el derecho aplicable y aplicando el mismo a los hechos procesales que no están en controversia, desestimamos la apelación por falta de jurisdicción.

Veamos.

**II.**

**A.**

El trámite procesal sumario de desahucio surge de los artículos 620 a 634 del Código de Enjuiciamiento Civil (Código)[1]. El artículo 629 del Código, en particular, establece un **término jurisdiccional de cinco días para que la parte perjudicada**

---

[1] 32 LPRA sec. 2831 *et seq*.

**por la sentencia de desahucio presente un recurso de apelación**. *ATPR V. SLG Volmar-Mathieu*, 195 DPR 5, 10 (2016).

**B.**

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Yumac Home v. Empresas Massó*, 194 DPR 96, (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de primeramente analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, *supra*; *Shell Chemical v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC*, 190 DPR 652, 659 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

**C.**

El requisito de notificación de un recurso de apelación, para todo caso, surge de la Regla 13(B)(1) del Reglamento del Tribunal de Apelaciones que establece lo siguiente:

"(B) **Notificación a las partes-**

    (1)    Cuando se hará.- La parte apelante notificará el recurso apelativo y los apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento."

En virtud de la precitada regla de nuestro Reglamento, el plazo dispuesto para la notificación de un recurso a este foro es de cumplimiento estricto. A diferencia de un término

jurisdiccional, un término de cumplimiento estricto puede prorrogarse siempre y cuando exista una justa causa. Ahora bien, los tribunales no gozamos de discreción para prorrogar los términos de cumplimiento estricto automáticamente. *Rivera Marcucci et al v. Suiza Dairy*, 196 DPR 157, 170 (2016); *Toro Rivera v. ELA*, 194 DPR 393, 414 (2015); *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013); *Montañez Leduc v. Robinson Santana*, *supra*. Los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, y no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo. *Maldonado v. Taco Maker*, *supra*; *Arriaga v. FSE*, 145 DPR 122 (1998).

La justa causa se acredita mediante explicaciones concretas y particulares, -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Por otro lado, no constituyen justa causa las "vaguedades y las excusas o planteamientos estereotipados". *Rivera Marcucci et al v. Suiza Dairy*, *supra*, págs. 171-172; *Soto Pino v. Uno Radio Group*, *supra*, pág. 93; *Febles v. Romar*, 159 DPR 714, 720 (2003). De lo contrario, la acreditación de la justa causa se convertiría en un juego de "mero automatismo" con justificaciones genéricas carentes de los detalles que causaron la dilación. Rivera *Marcucci et al v. Suiza Dairy*, *supra*, pág. 172. De permitirse esto, los términos reglamentarios redundarían en "metas amorfas que cualquier parte podría postergar". Íd. Planteamientos como que el incumplimiento fue "involuntario", que "no se debió a falta de interés", que no hubo "menosprecio al proceso", no configuraban justa causa. *Rivera Marcucci et al v. Suiza Dairy*, *supra*, pág. 173; citando a *Arriaga v. F.S.E.,* supra, a

la pág. 132 (1998). Tampoco lo es la excusa de que "la notificación tardía no había causado ningún perjuicio indebido a la parte contraria porque había tenido una notificación en un término razonable." Íd. Ello es así, pues si los tribunales fueran a aceptar ese planteamiento, los términos de cumplimiento estricto se convertirían en un mero formalismo. Íd.

Por consiguiente, para establecer justa causa, la parte deberá demostrar al tribunal 1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida. *Rivera Marcucci et al v. Suiza Dairy*, *supra*, pág. 171. Si la parte concernida no cumple ambas exigencias, el tribunal carece de discreción para excusar su conducta. *Toro Rivera v. ELA*, *supra,* pág. 415*.* En consideración a lo anterior, si se suscita un incumplimiento sin justa causa, necesariamente procede la desestimación del recurso presentado. *Montañez Leduc v. Robinson Santana*, *supra*, pág. 551. Esto es, la falta de oportuna notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación. *González Pagán v. Moret Guevara, supra,* pág. 1071; *Montañez Leduc v. Robinson Santana*, *supra*, págs. 549–553; *Pérez Soto v. Cantera Pérez*, *supra*, pág. 105. De manera que, "[e]l recurso que no se notifica a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora. *González Pagán v. Moret Guevara*, *supra*, págs. 1071-1072; *Soto Pino v. Uno Radio Group*, *supra*, pág. 91; *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987).

**Para el perfeccionamiento adecuado de un recurso presentado ante este foro apelativo intermedio es necesario la oportuna presentación y la notificación del**

**escrito a las partes apeladas.** Regla 13 del Reglamento del Tribunal de  Apelaciones, 4 LPRA Ap. XXII-B. Véase, *Montañez Leduc v. Robinson Santana*, supra; *Pérez Soto v. Cantera Pérez*, supra; *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873(2007); *Morán v. Martí*, 165 DPR 356 (2005). **La falta de oportuna notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación**. *Montañez Leduc v. Robinson Santana*, *supra*, págs. 549-553; *Pérez Soto v. Cantera Pérez*, *supra,* pág. 105; *S.L.G. Szendrey Ramos v. F. Castillo*, *supra*, págs. 881-883*.* Recurso que no se notifique a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora. Véase, *Soto Pino v. Uno Radio Group,* 189 DPR 84, 91 (2013); *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987).

A tenor con lo antes esbozado, la parte que promueve un recurso de *apelación* dispone del mismo plazo que el estado de derecho le provee para acudir en alzada para notificar su gestión a la parte oponente.  El término de cumplimiento estricto para este caso es de cinco (5) días de notificada la sentencia que se apela.  Regla 52.2(b), Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b); Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13.  Vemos que, entre los requisitos para perfeccionar el recurso apelativo, se encuentra su notificación a las partes, lo cual incide en la jurisdicción del tribunal. *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*, 105.

## III.

No hay controversia de que, en este caso, se presentó el recurso de Apelación el último día del término jurisdiccional, por lo cual, se debía notificar ese mismo día. Sin embargo, no se hizo.

Sabido es que la parte apelante en este caso de desahucio tiene un término jurisdicción de cinco (5) días para acudir a este

foro intermedio que **venció el 26 de diciembre de 2023**. Por ello, el término de cumplimiento estricto para notificar dicho recurso venció ese mismo día, sin que la parte apelante mostrara justa causa que permitiera justificar la notificación tardía del escrito de apelación el **27 de diciembre de 2023**.

Tratándose de un término de cumplimiento estricto, sin que se haya justificado esa notificación tardía que aquí admite la parte apelante, inclusive en su certificación de notificación, solo resta proceder a la desestimación del recurso, pues carecemos de jurisdicción. *Montañez Leduc v. Robinson Santana*, *supra.*

## IV.

Por las razones que anteceden, se desestima el recurso presentado, por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones